JOHN A. LANCE and others *v.* JOHN V. HUNTER.

A contract to convey land, in consideration that one of the parties should serve in the Confederate army as a substitute during the war, was in aid of the rebellion, and as such, against public policy, and cannot be enforced.

(*Smitherman* v. *Sanders*, 64 N. C. Rep. 522; *Critcher* v. *Holloway*, Ibid, 526: *Logan* v. *Plummer*, 70 N. C. Rep. 388; *Clemmons* v. *Hampton*, 64 N. C. Rep. 264; *Leake* v. *Commissioners of Richmond*, Ibid, 134; *Daviv* v. *Commissioners of Forsythe*, decided at this term, cited and approved.)

CIVIL ACTION to recover a tract of land, tried by consent, by *Henry, J.,* at Chambers in Brunswick county, as of Spring Term, 1874.

The case had been referred to J. G. Martin, Esq., an attorney of the Court, to whose report the defendant excepted. Upon the hearing, the exceptions were overruled by his Honor and judgment rendered for the plaintiff, from which judgment the defendant appealed.

The material facts are stated in the opinion of the Court.

*Busbee & Busbee,* for the appellant.
*M. E. Carter,* contra.

BYNUM, J. The facts of the case are : that Joseph Lance, one of the plaintiffs, in 1863, contracted to sell the land in controversy to J. H. Hunter, the father of the defendant, and gave him a bond to make title, upon consideration that he would enter the military service of the Confederate States, and serve out the term of the war as a substitute for his son. That Hunter did enter the Confederate army as a soldier; served during the war, and in all things performed his part of the contract. That he has since died, leaving the defendant as his assignee of the contract and also one of his heirs at-law, in possession of the land, to recover which this action is brought.

The parties have submitted the case upon the following agreement : "It is agreed that the whole case shall turn upon the validity in law of the said contract; if it is valid, they (the plaintiffs) shall not recover; if it is not valid, they shall recover."

We are relieved from any discussion of the single question thus presented, by the numerous decisions of this Court, all to the same effect; that is, that all contracts such as this were in aid of the rebellion, and, as such, were against public policy and are void. *Smitherman* v. *Sanders*, 64 N. C. Rep., 522. *Critcher* v. *Holloway, Ib.* 526; *Clemmons* v. *Hampton, Ib*; 264; *Leake* v. *Commissioners of Richmond, Ib.* 134; *Logan* v. *Plummer*, 70 N. C. Rep., 388; and *Davis* v. *Commissioners of Forsythe*, at this term.

The difficulty I had, was whether, both parties being *in pari delicto*, this Court could lend its aid in restoring the plaintiffs to that possession which they gave the defendant, in part performance of the illegal contract. As, however, the contract was void *ab initio*, and as though it had never been, and the plaintiffs have the legal title, it would seem that, upon principle, they are entitled to recover. But there is little in the conduct of the plaintiffs, Lance, that commends it to a just or generous mind. Both the fathers, and the very son whose life was saved, perhaps, by the performance of the contract by Hunter, after the war and the danger are over, now seek to deprive him of a possession acquired at such peril, and in such good faith. Most persons of sound morals would rather be the defendant without, than the plaintiffs with the land.

There is no error.

PER CURIAM.                                        Judgment affirmed.